**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE HARRIS,** | : | CIVIL NO. 1:CV-06-0261 |
| **Petitioner,** | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **K. HOGSTEN, WARDEN,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Petitioner Tyrone Harris ("Harris"), an inmate confined to the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to be transferred to a community corrections center ("CCC") for the final six months of his term of incarceration. (Doc. 1). For the reasons set forth below, the petition will be dismissed as moot.

Article III of the Constitution provides that the "judicial Power shall extend to . . . Cases . . . [and] to Controversies." U.S. Const. art. III, §§ 2. "This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing cases or controversies.' Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 192-93 (3d Cir.2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.' Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir.1996). Moreover, the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review. See Khodara Envtl., Inc., 237 F.3d at 193 (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990))." County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001).

Harris was sentenced to eighteen months imprisonment on February 10, 2005, for violations of his supervised release. He indicates that he is scheduled to be released from the Bureau of Prisons' custody on July 26, 2006. He is seeking to be transferred to a community corrections center for the final six months of his incarceration pursuant to 18 U.S.C. §§ 3621(b), 3624(b), alleging that the Bureau of Prisons is flagrantly disregarding rulings requiring such a transfer. (Doc. 1, p. 2). However, Harris notified the court *via* correspondence that he has been transferred from the custody of the Bureau of Prisons to the Virginia Department of Corrections, Northern Neck Regional Jail. (Doc. 9). Harris' transfer from the Bureau of Prisons to the Virginia Department of Corrections prevents the court from granting the requested relief. Consequently, the petition will be dismissed as moot

**AND NOW**, this 15th day of June 2006, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as moot.

2. The Clerk of Court is directed to **CLOSE** this case.

    S/ Yvette Kane
Yvette Kane
United States District Judge